UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME S. ADAMS,

    Plaintiff,

vs.

PRESIDENT DONALD TRUMP,
et al.,

    Defendants.
_____/

Case No. 18-10133

HONORABLE AVERN COHN

## ORDER
## GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS
## AND
## DISMISSING COMPLAINT
## AND
## ENJOINING PLAINTIFF FROM FILING FURTHER COMPLAINTS WITHOUT LEAVE OF COURT BY THE PRESIDING JUDGE

I.

Plaintiff Jerome S. Adams, proceeding pro se, has filed a complaint naming the President of the United States and 128 others as defendants. Defendants, broadly categorized, range from politicians and other political figures, celebrities (movie stars, music stars and reality TV stars), large corporations and their executives, law firms, sports figures, and several Ferrari dealerships.

Plaintiff asks to proceed in forma pauperis. Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis status. For the reasons that follow, however, the complaint will be dismissed for lack of subject-matter jurisdiction and for failure to state a claim

under 28 U.S.C. § 1915(e)(2).

II.

Under § 1915 (e)(2) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").

The Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

III.

A.

The Court has read the complaint. It is virtually unintelligible. As best as can be gleaned, plaintiff says that certain defendants interfered with a court case he had against Walmart and other defendants extorted money from him that he received from his lawsuit. He seeks over a trillion dollars in damages. Even liberally construing the

complaint, plaintiff has failed to allege any factual grounds asserting a plausible claim against any of the defendants. Plaintiff has also failed to allege any legal authority as to why plaintiff may recover from any of the defendants. Overall, the Court cannot discern a viable legal claim or the basis for federal jurisdiction. As such, the complaint must be dismissed.

B.

The Court also notes that plaintiff filed two similar lawsuits in this district, in June of 2017 and December of 2017. Both were dismissed as frivolous. See Adams v. Trump, et al., 17-11925, Adams v. Wray, et al., 17-13958. In case no. 17-13958 the Court cautioned that "Plaintiff may be enjoined from filing additional lawsuits if he continues to abuse the judicial process." (Doc. 4 in case no. 17-13858 at p. 2).

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court. Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998); See also, Filipas v. Lemons, 690 F.2d 1145, 1146 (6th Cir. 1987). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." Id. at 269. A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing. See e.g., Ortman v. Thomas, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. Filipas, 835 F.2d at 1146. In light of the Court's warning and the fact that the current complaint is equally frivolous, the Court will enjoin plaintiff from filing future lawsuits.

VI.

For the reasons stated above, even under a liberal pleading standard, the complaint fails to set forth a viable claim against any of the defendants. The complaint is therefore DISMISSED for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). It is also DISMISSED under 28 U.S.C. § 1915(e)(2). In light of this disposition, the Court certifies that any appeal from this decision could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that plaintiff is ENJOINED and RESTRAINED from filing any new complaints in the United States District Court for the Eastern District of Michigan without first seeking and obtaining leave of court by the presiding judge.[1]

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT COURT

Dated: 1/17/2018
Detroit, Michigan

---

[1] The district judges rotate acting as the presiding judge and are usually designated for one-week periods. The name of the presiding judge is not disclosed before Monday at 8:30 am and can be obtained by contacting the Clerk's office. See E.D. Mich. LR 77.2.